UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TODD and BAMBI GILBERT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1536-ZMB |
| | ) | |
| U.S. SILICA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant U.S. Silica Company's motion to dismiss Plaintiffs Todd and Bambi Gilbert's Amended Complaint. Doc. 22. Because the Gilberts have not established that U.S. Silica owed Todd a duty of care as the employee of an independent contractor, they fail to state a claim, so the Court dismisses the Amended Complaint without prejudice.

## BACKGROUND

### I. Relevant Facts[1]

U.S. Silica owns and operates a partially underground mine in Pacific, Missouri. Doc. 20 ¶¶ 2, 4. In late 2022, U.S. Silica hired an engineering firm to evaluate the condition of the underground roofing at its mine. *Id.* ¶ 5. The engineering firm's report identified multiple dangerous conditions plaguing the roof, including risks of rock fall, marking the third time in four years that the firm alerted U.S. Silica to the roof's poor condition. *Id.* ¶¶ 6–15. Among the concerns was the roofing in an area of the mine known as "H-Road," which was not properly inspected, scaled, or supported from "rock and rib falls." *Id.* ¶ 14. U.S. Silica ignored the engineering firm's advice that it should install beams and block off the entrance to H-Road. *Id* ¶¶ 15–16.

[1] The Court assumes that the allegations in the Amended Complaint are true, as required at the motion-to-dismiss stage. *See* Doc. 20; *infra* at 3. However, the Gilberts reference various facts not found in the Amended Complaint, such as allegations related to a "Roof Control Plan," citations against U.S. Silica, and the duty of care under the Mine Act. *See, e.g.*, Doc. 27 at 1–3, 10, 14. As U.S. Silica notes, Doc. 28 at 2, these facts cannot be used to supplement the Amended Complaint, and the Court will not consider them, *see Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

A few months after receiving the report, U.S. Silica hired Fred Weber, Inc., a staffing agency with mining experience, to install support bolts to portions of the mine's roof. *Id.* ¶¶ 17–18. U.S. Silica "determined where the new, additional roof supports were to be installed" but did not warn Fred Weber of the mine's poor condition. *Id.* ¶¶ 19–21. Eventually, Todd and other Fred Weber employees began work on H-Road. *Id.* ¶¶ 22–25. While Todd was in a basket lift to install the supports, the roof suddenly collapsed and buried him under rocks. *Id.* ¶¶ 27–28. Todd was knocked unconscious and, after being dug out from the debris, was taken to a hospital where he needed surgery to treat multiple broken or dislocated bones and vertebra. *Id.* ¶¶ 30–32. As a result of the incident, Todd continues to suffer from a number of debilitating conditions. *Id.* ¶ 41.

## II. Procedural History

The Gilberts brought this action in late 2025, Doc. 1, and later amended their complaint to name U.S. Silica as the defendant, Doc. 20. In the Amended Complaint, the couple asserts claims for negligence and loss of consortium. *Id.* ¶¶ 42–49. U.S. Silica moved to dismiss, arguing that it did not owe Todd a duty under Missouri law because it gave up control over the relevant parts of the mine and that Bambi's loss-of-consortium claim fails as a result.[2] Doc. 22 ¶¶ 2–3. After the Gilberts opposed dismissal and U.S. Silica filed its reply, *see* Docs. 27–28, the matter is ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

[2] The Gilberts did not dispute U.S. Silica's contention that a loss-of-consortium claim is derivative of an underlying tort, *see* Doc. 23 at 6; Doc. 27, and that appears to be consistent with Missouri law, *see Pippin v. Hill-Rom Co.*, 615 F.3d 886, 891 (8th Cir. 2010) (citation omitted). Accordingly, the Court will not address this issue further.

(quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**DISCUSSION**

U.S. Silica argues that the Gilberts fail to state a claim because it did not owe Todd a duty of care necessary for premises liability.[3] Doc. 23 at 3. Specifically, U.S. Silica contends that the Gilberts failed to plead that it retained substantial control of the premises during the construction period, as required under Missouri law. *Id.* at 3–4. Meanwhile, the Gilberts argue that U.S. Silica never surrendered possession of the mine and that, in any event, they pled sufficient control over

[3] While the Amended Complaint styles Count I as a claim for "negligence," *See* Doc. 20 ¶ 42, the Gilberts assert that U.S. Silica owed Todd a duty as an invitee, *see id.* ¶ 43, and they do not dispute U.S. Silica's characterization of this claim as limited to premises liability. As such, the Court will not address any other theories of liability. *See* Doc. 28 at 8.

the contractor's activities. Doc. 27 at 9–15. The Gilberts note that U.S. Silica was still operating the mine and therefore "maintained possession, operation, and control over the workplace." *Id.* at 12. They also "alleged that [U.S. Silica] was directing the activities of [Fred Weber's] workers by instructing them where to install roof bolts." *Id.* But U.S. Silica is correct that the Gilbert's argument "distorts the text" of the pleading and is based on unpled "assumptions, regulations, and events." Doc. 28 at 5.

Under Missouri law, a landowner generally owes a duty of care to invitees, including employees of independent contractors. *Spaulding v. Conopco, Inc.*, 740 F.3d 1187, 1191 (8th Cir. 2014) (collecting cases). But the duty of care shifts to the independent contractor when "the landowner relinquishes possession and control of the premises." *Wilson v. River Mkt. Venture, I, L.P.*, 996 S.W.2d 687 (Mo. Ct. App. 1999); *see also Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373, 376 (Mo. Ct. App. 1996) (explaining one rationale for this rule). As such, to state a claim for premises liability in this context, a plaintiff must "establish that the landowner ***retained*** possession and control of the premises and the attendant duty of care" by showing that "the landowner controlled the jobsite and the activities of the contractor." *Matteuzzi v. Columbia P'ship*, 866 S.W.2d 128, 132 (Mo. banc 1993); *see also Callahan v. Alumax Foils, Inc.*, 973 S.W.2d 488, 491 (Mo. Ct. App. 1998) (emphasizing that both showings are necessary under Missouri's version of the control test). "Furthermore, the landowner's involvement must be substantial," which means having "control [over] the physical activities of the employees of the independent contractor or the details of the manner in which the work is done." *Noble v. Ozborn-Hessey Logistics*, 2015 WL 5023444, at *5 (W.D. Mo. Aug. 21, 2015) (quoting *Spaulding*, 740 F.3d at 1192). Significantly, the independent-contractor doctrine is a pleading requirement, not an affirmative defense. *See Woodall v. Christian Hosp. NE-NW*, 473 S.W.3d 649, 657 n.6 (Mo. Ct. App. 2015).

Here, the Gilberts fail to state a claim because they have not adequately pled that U.S. Silicia controlled either the jobsite or the activities of Fred Weber. First, the Gilberts suggest that ongoing operations at the mine mean that U.S. Silica retained possession of the premises. *See* Doc. 27 at 12. But this reading of "premises" is too expansive; what matters is whether U.S. Silica "gave up possession and control of the [relevant] area of the premises" where the injury occurred—that is, H-Road. *See Wilson v. River Mkt. Venture*, 996 S.W.2d 687, 696 (Mo. Ct. App. 1999). And while the Gilberts alleged that U.S. Silica "actively mined minerals . . . and used the underground portions" of the mine, Doc. 20 ¶ 4, *see* Doc. 27 at 12, the Amended Complaint does not specify that H-Road was in use during construction. And even if it had, Missouri courts have deemed it "irrelevant" that a landlord's employees are working in the jobsite if their tasks are "totally unrelated to the contractor's work," as they would be here. *See Woodall*, 473 S.W.3d at 654–56.

Moreover, even if U.S. Silica retained control over H-Road, the Amended Complaint fails to allege that it had substantial involvement in the contractor's work. The Gilberts suggest that they "alleged that [U.S. Silica] was directing the manner and physical activities of the Fred Weber workers by specifically instructing where, in what spacing, patterns, and exact locations that the roof bolts should have been installed" and that it was "controlling access to and from where the work was being completed." Doc. 27 at 13. But these specific allegations are nowhere to be found in the Amended Complaint, and it proves too much to suggest they can be reasonably inferred. Rather, the Amended Complaint asserts only that U.S. Silica "determined where the new, additional roof supports were to be installed." Doc. 20 ¶ 19.[4] And even assuming U.S. Silica directed where the roof supports should go, that involvement falls short of substantial control. *See,*

[4] The other portion of this paragraph, which indicates that U.S. Silica "maintained control over the workplace" is simply conclusory as it fails to allege any facts related to control.

*e.g.*, *Callahan*, 973 S.W.2d at 491 (finding no substantial control where landowner dictated where piping would be installed); *Halmick v. SBC Corp. Servs., Inc.*, 832 S.W.2d 925, 928–29 (Mo. Ct. App. 1992) (same where landlord's employees were stationed at worksite to ensure work proceeded properly); *Lawrence*, 919 S.W.2d at 570 (finding no substantial control where the landowner directed the manner of window washing); *see also Spaulding*, 740 F.3d at 1194 (same for a landowner's control over access to work area and selection of tanks to be cleaned)

In sum, the Gilberts failed to plead that U.S. Silica retained substantial control over the premises, meaning that they have not established that it owed a duty of care to Todd. As such, U.S. Silica's motion must be granted, and the Court will dismiss this case without prejudice.[5]

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendant U.S. Silica Company's [22] Motion to Dismiss. A separate Order of Dismissal will follow.

So ordered this 18th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

[5] Although the Gilberts should have sought leave to amend their complaint, and despite U.S. Silica's request to the contrary, *see* Doc. 23 at 6, dismissal without prejudice is warranted in this case because it is not clear that any potential amendment would be futile, *see Schriener v. Quicken Loans*, 774 F.3d 442, 446 (8th Cir. 2014).